UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW L.,

                  Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

Case No. C19-5075JLR

ORDER AFFIRMING DENIAL OF
BENEFITS

## I.    INTRODUCTION

Plaintiff Andrew L. seeks review of the denial of his application for disability insurance benefits. (*See* Compl. (Dkt. # 3).) Plaintiff contends that the Administrative Law Judge ("ALJ") erred by failing to consider whether Plaintiff should be found disabled based on a nonmechanical application of the age categories set out in the social security regulations. (Pl. Op. Br. (Dkt. # 9) at 1.) As discussed below, the court AFFIRMS the final decision of the Commissioner of Social Security ("Commissioner") and DISMISSES this case with prejudice.

## II.    THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, 20 C.F.R. § 404.1520, ALJ

Glenn Meyers found that Plaintiff was not under a disability from his alleged onset date of April 1, 2008, through his date last insured of June 30, 2012. (Admin. Record ("AR") (Dkt. # 5) at 15-24.) ALJ Meyers determined that Plaintiff had severe impairments of lumbar and cervical spine degenerative disc disease, chronic pain syndrome status post spinal surgeries, depressive disorder, and mood disorder. (*Id.* at 18.) ALJ Meyers found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with additional physical and cognitive restrictions. (*Id.* at 19.) After finding that Plaintiff could not perform any past relevant work, the ALJ determined Plaintiff's age category: "The claimant was born on XXXX XX,[1] 1962 and was 49 years old, which is defined as a younger individual age 45-49, on the date last insured." (*Id.* at 22 (citing 20 C.F.R. § 404.1563).) The ALJ then noted that, based on Plaintiff's age category, if Plaintiff had the RFC to perform the full range of sedentary work, the Medical-Vocational Guidelines set out in the social security regulations (the "Grids") would direct a finding of "not disabled." (AR at 23.) Because Plaintiff had limitations beyond sedentary work, the ALJ consulted a vocational expert to determine whether jobs other than Plaintiff's past work existed in the national economy that an individual of Plaintiff's age with his education, work experience, and RFC could perform. (*See id.* at 23, 48-55.) Based on the vocational expert's testimony, the ALJ found that there were such jobs, and that Plaintiff was therefore not disabled from his alleged onset date through his date last insured. (*Id.* at 24.) The Appeals Council denied

---

[1] Dates of birth are redacted to the year. *See* Fed. R. Civ. P. 5.2(a)(2); LCR 5.2(a)(1).

review, making the ALJ's decision final. (*See id.* at 1-3.)

### III.  ANALYSIS

Plaintiff bears the burden of proving he is disabled within the meaning of the

Social Security Act ("Act"). *See Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).

Pursuant to 42 U.S.C. § 405(g), the court may only set aside a denial of social security

benefits when the ALJ's findings are based on legal error or not supported by substantial

evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.

2005). "[E]ven if the ALJ erred, [the court] will uphold the decision so long as the error

was harmless." *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir.

2010) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)).

Plaintiff argues that the ALJ erred in applying the age categories set out in the

social security regulations. (Pl. Op. Br. at 3-7.) Plaintiff argues that he was within

several months of the next age category in the regulations as of his date last insured, and

the ALJ was required to consider whether to apply the older age category. (*See id.*)

Plaintiff argues that if the ALJ had applied the older age category, the Grids would

require a finding of disability. (*See id.* at 8.)

At step five of the disability evaluation process, the ALJ must determine whether a

claimant can perform work—other than his past work—that exists in significant numbers

in the national economy, considering the claimant's age, education, work experience, and

RFC. *See Lockwood*, 616 F.3d at 1071 (citing *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th

Cir. 1999)). The ALJ can resolve this issue by referring to the Grids or taking testimony

from a vocational expert. *Lockwood*, 616 F.3d at 1071 (citing *Tackett*, 180 F.3d at 1101).

For purposes of applying the Grids, the Commissioner's regulations divide workers into three age categories: younger individuals (age 18-49), persons closely approaching advanced age (age 50-54), and persons of advanced age (age 55 or older). *See* 20 C.F.R. § 404.1563(c)-(e). The regulations provide that the Commissioner "will not apply the age categories nonmechanically in a borderline situation," meaning a situation in which the claimant is "within a few days to a few months of reaching an older age category." 20 C.F.R. § 404.1563(b). Instead, the Commissioner "will consider whether to use the older age category after evaluating the overall impact of all the factors of your case." *Id.* "It is clear from the text of this regulation that an ALJ is not *required* to use an older age category, even if the claimant is within a few days or a few months of reaching an older age category." *Lockwood*, 616 F.3d at 1071 (citing 20 C.F.R. § 404.1563).

The parties do not dispute that Plaintiff was in a borderline situation because he was within a few months of the next age category on his date last insured. (*See* Pl. Op. Br. at 6; Def. Resp. Br. (Dkt. # 10) at 4.) The parties also do not dispute that the ALJ did not explicitly explain in his written decision why he did not apply the next age category to Plaintiff. (*See* Pl. Op. Br. at 6, Def. Resp. Br. at 4.) Plaintiff argues that the ALJ's failure to explain in writing why he did not apply the next age category necessarily means that he failed to consider whether to use the older age category. (*See* Pl. Op. Br. at 6.)

The Ninth Circuit's decision in *Lockwood* controls this case and demands that the

ALJ's decision be affirmed. "Although an ALJ is required by regulation to *consider* whether to use an older age category in a borderline situation, there is no requirement that the ALJ explain in her written decision why she did not use an older age category." *Lockwood*, 616 F.3d at 1070 (citing 20 C.F.R. § 404.1563(b)). In *Lockwood*, the Ninth Circuit found that the ALJ satisfied the requirement that she consider whether to use the older age category in a borderline situation despite the fact that she had not explicitly done so. *Id.* at 1071-72. The ALJ in her decision mentioned the claimant's date of birth and found that he was 54 years old, meaning he fell in the closely approaching advanced age category, on the date of the ALJ's decision. *Id.* at 1072. The Ninth Circuit noted that "[c]learly the ALJ was aware that [the claimant] was just shy of her 55th birthday, at which point she would become a person of advanced age." *Id.* The ALJ also cited to 20 C.F.R. § 404.1563, "which prohibited her from applying the age categories mechanically in a borderline situation." *Id.* From this, the Ninth Circuit found that the ALJ "knew she had discretion" to use the older age category. *Id.* Finally, the Ninth Circuit found that the ALJ did not apply the age categories mechanically because she evaluated the overall impact of all of the factors of the claimant's case by relying on vocational expert testimony to evaluate step five. *Id.*

The facts here mirror those in *Lockwood*. ALJ Meyers mentioned Plaintiff's date of birth and his age on the date last insured, based on which the ALJ found that Plaintiff fell in the younger individual age category. (AR at 22.) ALJ Meyers was clearly aware that Plaintiff was just shy of his 50th birthday, at which point he would become a person

closely approaching advanced age. ALJ Meyers also cited to 20 C.F.R. § 404.1563, so he knew he could not apply the age categories mechanically, and knew he had discretion to apply the older age category. (*See id.*) These points are both underscored by the fact that Plaintiff, through counsel, urged the ALJ to apply the older age category at the hearing and in a letter prior to the hearing. (*See id.* at 35, 255.) Finally, ALJ Meyers evaluated the overall impact of all the factors on Plaintiff's case when he took testimony from a vocational expert to decide step five. (*See id.* at 23-24, 48-55.) Like the Ninth Circuit in *Lockwood*, the court is thus satisfied that ALJ Meyers did not apply the age categories mechanically, and considered whether to use the older age category in Plaintiff's case. Plaintiff has therefore failed to show harmful error.

## IV.    CONCLUSION

For the foregoing reasons, the court AFFIRMS the Commissioner's final decision and DISMISSES this case with prejudice.

DATED this __31^ST__ day of July, 2019.

JAMES L. ROBART
United States District Judge